Grabau, J.
This is an action of negligence commenced on October 22, 1980, in which plaintiff seeks to recover the value of an automoblie stolen by an unknown third person, through the alleged negligence of the defendant, from the defendant’s parking lot.
The answer filed by the defendant denied the allegations of plaintiff s complaint. On April 6,1981, the defendant filed a motion for summary judgment. On June 16,1981, the plaintiff filed a motion to amend its complaint and the proposed amended complaint. The amended complaint set forth an entirely new theory upon which plaintiff wished to base his claim against the defendant. The original complaint was based on a theory of bailment which, plaintiff admitted in his brief, was not supported by the facts of the case. Plaintiffs amended complaint implicitly proposed that the standard of law set forth in *119 Mounsey v. Ellard, 363 Mass 693 (1973), “imposing on owners and occupiers a single duty of reasonable care in all circumstances”, be extended to protect personal property of lawful visitors on the land; specifically, a duty to provide protection for the automobiles of lawful visitors while they are parked in parking areas adjoining business establishments.
Both plaintiffs motion to amend its complaint and defendant’s motion for summary judgment were heard on June 23, 1981; plaintiffs motion to amend its complaint was denied, and defendant’s motion for summary judgment was allowed.
Plaintiff brings this appeal urging that the court reverse the judgments below, and grant him leave to amend his complaint.
Prior to Mass R. Civ. P. Rule 15(a), motions to amend pleadings were addressed to the discretion of the trial or motion judge. Amendments as a matter of right did not exist in Massachusetts (See Reporters’ Notes, Mass. R. Civ. P., Rule 15). Rule 15 (a) eliminated the completely discretionary authority of a judge to deny a motion to amend pleadings. Castellucci v. Fidelity and Guaranty Co., 372 Mass 292 (1977).
Under Rule 15(a), a party may amend its pleading as a matter of course in certain circumstances (once at any time before a responsive pleading is served and prior to entry of a dismissal, and at any time within twenty days after it is served where the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar). Where neither circumstance exists, however, the party may amend its pleading “only by leave of the court or by written consent of the adverse party.” Rule 15(a), then, reserves for the motion or trial judge some discretion in ruling on motions to amend pleadings. The Massachusetts courts have consistently recognized that judicial perogative. See Castellucci v. U.S. Fidelity and Guaranty Co., 372 Mass 292 (1977); Evans Products Co. v. D.J. Development Corp., 6 Mass App. Ct. 306 (1979); Shaw v. Siegal, 13 Mass App. Ct. 258 (1982).
Rule 15(a) also states that, “leave (to amend) shall be freely given when justice so requires.” Massachusetts courts have followed the lead of the United States Supreme Court in recognizing the liberal amendment policy implicit in Rule 15(a). See Coolidge Bank & Trust Co. v. First Ipswich Co., Inc., 1980 Mass App. Adv. Sh 497; Evans Products Co. v. D.J. Development Corp. 6 Mass App. Ct. 306 (1979); Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2nd 222 (1962).
We too are cognizant of the liberal spirit attached to Rule 15 (a); at the same time, we recognize the existence, and the importance of judicial descretion in ruling on motions to amend pleadings pursuant to Rule 15(a).
Denying such discretion, or in effect abolishing it by way of too liberal an amendment policy, could make the pleading process vulnerable to serious abuse; a defendant’s motion for summary judgment, or motion to dismiss, could be easily overcome by a complainant when the latter, realizing the imminent dismissal of his origional cause of action, seeks leave to amend his complaint by creating a new theory upon which to base his claim against the defendant. Besides adding to an already crowded docket, the amended complaint may force the defendant to make out a new basis for his defense. It may force the entire discovery process to begin again. The hardship on the defendant, as well as on the court system, may be extreme in some cases, such as where complainant had waited several months or more before seeking leave to amend. The need for allowing judicial discretion in ruling on motions to amend pleadings under Rule 15(a) is evident. That, of course, is not to say that such discretion may not be abused by the trial motion judge.
In Castellucci v. U.S. Fidelity & Guaranty Co. 372 Mass 292 (1977), citing Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2nd 222 (1962), the Supreme Judicial Court gave some examples of reasons which might justify the denial of a motion to amend, “such as undue delay, bad faith or dilatory motive on the part of the movant, *120 repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc..But Foman also held that “an outright refusal to grant leave without any justifying reason appearing for the denial is... abuse of... discretion. ” Id at 182. In Evans Products Co. v. D.J. Development Corp. 6 Mass App Ct. 306, 309 (1979). the court, citing Castellucci, held that a motion to amend should be allowed unless there is some good reason for denying it; if it is denied, the record should show some reason, express or apparent, for denying the motion.
In the instant case, circumstances were such that plaintiffs motion to amend his complaint required leave of the court, and therefore the exercise of judicial discretion. The record before us shows no reason, express or apparent, for denying the plaintiff s motion.
We are compelled, for the above reasons, to vacate the allowance of defendant’s motion for summary judgment and allow the plaintiff leave to amend its complaint.